Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com

Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Email: philip@sternthomasson.com
Email: andrew@sternthomasson.com
Telephone: (973) 379-7500
Facsimile: (973) 532-5868

*Attorneys for Plaintiff, Sergio D. Fiorarancio*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGIO D. FIORARANCIO, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>ZWICKER & ASSOCIATES, P.C.;<br>PAUL W. ZWICKER;<br>MYXUAN KOSKI;<br>DWIGHT BAYLOR;<br>STEVEN BANN;<br>ERIN ROECK;<br>BRYAN D. ZWICKER;<br>MIREILLE H. VARTANIAN; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Sergio D. Fiorarancio, by way of Class Action Complaint against Defendants, Zwicker & Associates, P.C.; Paul W. Zwicker; Myxuan Koski; Dwight Baylor; Steven Bann; Erin Roeck; Bryan D. Zwicker; Mireille H. Vartanian, and John Does 1 to 10 states:

## I.  NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue in this action properly lies in the District of New Jersey as Defendants regularly does business in this district.

## III.  PARTIES

4. Plaintiff, Sergio D. Fiorarancio ("Plaintiff" or "Fiorarancio"), is a natural person residing in Woodland Park, in Passaic County.

5. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a for-profit professional corporation organized under the laws of the Commonwealth of Massachussetts and is registered to transact business in the State of New Jersey.

6. Zwicker is law firm with locations in many states. On information and belief, its New Jersey location is 1105 Laurel Oak Road, Suite 136, Voorhees, NJ 08043 and its principal office is at 80 Minutemen Road, Andover, MA 081810.

7. Defendant, Paul W. Zwicker, is the shareholder, partner, president, secretary, treasurer and director of Zwicker.

8. Defendant, Myxuan Koski, is the shareholder and partner of Zwicker.

9. Defendant, Dwight Baylor, is the shareholder and partner of Zwicker.

10. Defendant, Steven Bann, is the shareholder and partner of Zwicker.

11. Defendant, Erin Roeck, is the shareholder and partner of Zwicker.

12. Defendant, Bryan D. Zwicker, is the director of Zwicker.

13. Defendant, Mireille H. Vartanian, is the director of Zwicker.

14. Defendants John Does 1 to 10 are fictitious names of natural persons and/or business entities all of whom reside or are located within the United States whose true names are presently unknown to Plaintiff. Plaintiff will amend this Complaint with those Defendants' true names when they become known.

## IV.   FACTS

A. Background

15. Defendants are not in the business of extending credit, selling goods or services to consumers.

16. Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

17. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

18. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

19. Defendants are engaged in the collection business.

20. Zwicker "is a law firm whose primary business function is debt collection." http://zwickerpc.com/ (accessed August 14, 2018).

21. At all times relevant hereto, Paul W. Zwicker is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Zwicker complained of herein.

22. At all times relevant hereto, Myxuan Koski is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by herself and other employees of Zwicker complained of herein.

23. At all times relevant hereto, Dwight Baylor is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Zwicker complained of herein.

24. At all times relevant hereto, Steven Bann is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Zwicker complained of herein.

25. At all times relevant hereto, Erin Roeck is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by herself and other employees of Zwicker complained of herein.

26. At all times relevant hereto, Bryan D. Zwicker is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Zwicker complained of herein.

27. At all times relevant hereto, Mireille H. Vartanian is an attorney-at-law and, as a principal owner, officer, director, shareholder, and/or managing partner of Zwicker, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by herself and other employees of Zwicker complained of herein.

28. At all times relevant hereto, John Does 1 to 10 personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, implemented, and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for the wrongdoing alleged in this Complaint.

**B. False Threat of Interest**

29.     Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from an American Express ("Debt" or "Account").

30.     The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

31.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

32.     Defendants contend that the Account is past-due and in default.

33.     Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

34.     The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

35.     At all times relevant hereto, Defendants acted in attempts to collect the Debt.

36.     In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on October 17, 2017 (the "Letter").

37.     A true copy of the Letter sent by Zwicker, but with redactions, is attached as ***Exhibit A***.

38.     The Letter states: "As of the date of this letter, you owe $17,960.99."

39.     It is Plaintiff's understanding and belief that, under the terms and conditions applicable to his use of that American Express credit card account, interest, late charges, and other charges and fees (such as annual fees) could accrue.

40. The least sophisticated consumer would reasonably presume and understand that a credit card account such as the Account would, if not paid in full every month, accrues interest and may accrue late charges and other charges and fees. Thus, the least sophisticated consumer would believe the truth of (a) the statement in the Letter that $17,960.99 was merely the balance as of October 17, 2017, and (b) the implication that the amount due could or would increase if not promptly paid.

41. In fact, however, the $17,960.99 could not increase and, even if it could increase, American Express never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in the Letter.[1]

42. Although the Letter's qualification of the amount due "As of the date of this letter" was literally true, such qualification was not a fact necessary to accurately disclose the amount of the Debt. The Letter would have accurately stated the amount of the Debt by stating "The amount due is $17,960.99" or "The amount of the debt is $17,960.99." By qualifying the amount due was "As of the date of this letter," however, Defendants failed to accurately state the amount of the debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time—indeed, that the amount owed had already changed by the time the Letter was received days later.

---

[1] Through counsel, Plaintiff acknowledges decisions from the Seventh Circuit and, later, the Second Circuit addressing the optional use of a four-sentenced safe-harbor formula which, when that language is accurate, allows a debt collector to lawfully state the amount of the debt when that amount is changing over time. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). Thus, the use of the formula will not provide a safe-harbor when it would be inaccurate to do so. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018). The first sentence of that balance-increasing formula is identical to the offending sentence in the Letter: "As of the date of this letter, you owe $___ [the exact amount due]." *Miller*, at 876.

43. The Letter's effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

44. To the least sophisticated consumer, the Letter falsely appeared to be from licensed attorneys and impliedly represented that a lawyer with the Zwicker firm had personally reviewed the particular circumstances of the Debt (including a review of materials which would reasonably inform an attorney's opinion) and arrived at a professional opinion based on the lawyer's professional training and experience that stating the amount the debt to be only "As of the date of this letter" was accurate.

45. Had the Letter in fact been mailed after a lawyer with the Zwicker firm personally reviewed the particular circumstances of the Debt (including a review of materials which would reasonably inform an attorney's opinion), such lawyer could not have arrived at a professional opinion based on the lawyer's professional training and experience that stating the amount the debt to be only "As of the date of this letter" was accurate.

46. Therefore, the Letter was not the result of a lawyer's meaningful involvement and the Letter was not from an attorney in any meaningful sense of the term.

47. On information and belief, the Letter is mass-produced, computer-generated form letter—that is, it was created by merging electronically-stored information about the Debt with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiff, from whom Defendants were attempting to collect a debt.

48. On information and belief, the Letter was created, printed, and mailed either by Defendants' nonlawyer staff or by a letter-vendor hired by Zwicker.

49. On information and belief, Defendants collectively implemented, oversaw, supervised, and approved of Zwicker's policies and practices in which they mailed the same form letter as the Letter by merely relying "upon their client's certification of the 'validity' of the account" (including the Debt) without taking "responsibility for the reasonable accuracy of each letter" and without "exercising due care that no letter misstates a fact with respect to the account" (including the Debt). *Debt Collection Practices Reaffirming UPLC Opinion 8 and ACPE Opinions 259 and 506*, NJ Eth. Op. 48 (N.J.Adv.Comm.Prof.Eth.), 208 N.J.L.J. 710, 2012 WL 12303774, at *1 (quoting ABA Informal Ethics **Opinion** 1368, "Mass Mailing of Form Collection Letters" (July 15, 1976)).

50. On information and belief, by mailing form letters such as the Letter which falsely implied an attorney's meaningful involvement, including an attorney's approval that the Letter was accurate in limiting the amount of the debt to being "As of the date of this letter," Defendants falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the Letter was from an attorney and created a false impression as to the Letter's source.

51. All Defendants acted in concert in the attempt to collect the Debt from Plaintiff including the mailing of the Letter to him.

## V. CLASS ACTION ALLEGATIONS

52. It is Defendants' policy and practice to mail written collection communications, in the form exemplified in Exhibit A, in an attempt to collect consumer debts.

53. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Class initially defined as follows:

> **All natural persons to whom a letter from Zwicker & Associates, P.C., was mailed to a New Jersey address on or after August 14, 2017, and on or before September 5, 2018, in an attempt to collect a debt owed or allegedly owed to American Express which stated the amount of the debt to be "As of the date of this letter."**

55. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all Class members under the Fair Debt Collection Practices Act.

56. The Class Claims are those claims arising under the Fair Debt Collection Practices Act arising from a letter mailed in an attempt to collect a debt owed or allegedly owed to American Express which stated the amount of the debt to be "As of the date of this letter."

57. The Class is so numerous that joinder of all members is impracticable and, on information and belief, exceeds forty members.

58. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

60. Plaintiff's claims are typical of the claims of the members of the Class.

61. The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

62. Plaintiff does not have interests antagonistic to those of the classes.

63. The Class, of which Plaintiff is a member, is readily identifiable.

64. Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation.  Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

65. The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

66. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.    FIRST COUNT: VIOLATIONS OF THE FDCPA

67. The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

68. Paul W. Zwicker is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

69. Myxuan Koski is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

70. Dwight Baylor is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

71. Steven Bann is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

72. Erin Roeck is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

73. Bryan D. Zwicker is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

74. Mireille H. Vartanian is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

75. Each of the John Does 1 to 10 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

76. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

77. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

78. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

79. Defendants' mailing of the Letter to Plaintiff in an attempt to collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(8), 1692e(9), and 1692e(10)), 1692f (including subsection 1692f(1)), and 1692g (including subsection 1692g(a)(1)).

80. Based on any one or more of those violations, Defendants are liable to Plaintiff and to the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sergio D. Fiorarancio demands judgment against Defendants, Zwicker & Associates, P.C., Paul W. Zwicker, Myxuan Koski, Dwight Baylor, Steven Bann, Erin Roeck, Bryan D. Zwicker, Mireille H. Vartanian, and John Does 1 through 10, jointly and severally, as follows:

   A.   For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC and Stern•Thomasson LLP as class counsel;

B.     An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B) to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

C.     For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.     For pre-judgment and post-judgment interest; and

F.     For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*

Dated: August 14, 2018