UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 6, 2019

Mitchell L. Williamson, Esq.
Barron & Newburger, P.C.
458 Elizabeth Avenue, Suite 5371
Somerset, NJ 08873
*Counsel for Defendant*

Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
Stern Thomasson LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **Fiorarancio v. Zwicker & Associates, P.C.**
**Civil Action No. 18-12793 (SDW) (CLW)**

Counsel:

Before this Court is Defendant Zwicker & Associates, P.C.'s ("Defendant") Motion to Dismiss Plaintiff Sergio D. Fiorarancio's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendant's motion.

## DISCUSSION

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiff's Complaint Fails to Sufficiently Sets Forth Claims Under the FDCPA</u>

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Plaintiff, a resident of New Jersey, incurred debt from the use of an American Express credit card ("the Debt"). (D.E. 11 ¶¶ 14, 23.) On or about October 17, 2017, Defendant sent written notice to Plaintiff regarding the Debt ("the Letter"), which stated, in relevant part:

> This law firm has been retained by the above-named creditor to assist it in the collection of the funds you owe in the above-referenced account. As of the date of this letter, you owe $17,960.99. (D.E. 11-1.)

On August 14, 2018, Plaintiff filed suit in this Court on behalf of himself and others similarly situated alleging that Defendant's letter violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). (*See generally* Dkt. No. 1.)[1] Defendant filed the instant motion to dismiss on September 28, 2018. (Dkt. No. 8, 9, 12.)

The FDCPA, 15 U.S.C. § 1692, *et seq.,* provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir.2006) (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000)) (internal quotation marks omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354-55 (internal quotations and citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568–69 (D.N.J. 2012).

Plaintiff first alleges that Defendant falsely represented the amount of his debt in violation of § 1692e which prohibits the use of misleading, deceptive or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. Specifically, Plaintiff alleges that the phrase, "As of the date of this letter," "falsely, deceptively, and misleadingly represented to the least sophisticated

---

[1] After voluntarily dismissing certain defendants from the suit, (D.E. 5, 7), Plaintiff filed an Amended Complaint. (D.E. 11.)

consumer that the amount owed to the creditor would or could increase on a daily basis due to interest, late charges, and other charges and fees . . . ." (D.E. 11 ¶ 27.) This Court, like others, finds Plaintiff's position to require an unsupportable and idiosyncratic construction of the phrase. *See, e.g.*, *Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361 (S.D.N.Y. 2017); *Ghulyani v. Stephens & Michaels Assocs., Inc.*, Civ. No. 15-5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015). The least sophisticated debtor would understand that the amount set forth in the Letter was what was owed and what would be collected, and would not believe that the amount would increase over time.[2] There being nothing false or deceptive about the phrase, Plaintiff's claims pursuant to § 1692e will be dismissed.

Plaintiff also alleges that Defendant failed to inform him how much he owed in violation of § 1692g which requires that a debt collector provide a consumer with written notice of "the amount of the debt." 15 U.S.C. § 1692g(a)(1). As discussed above, the Letter clearly informed Plaintiff of the amount of his debt, by stating that "[a]s of the date of the letter, you owe $17,960.99," and separately indicating that the balance on the account was "$17,960.99." (D.E. 11-1.) Therefore, Plaintiff's claims pursuant to § 1692g will be dismissed.

## **CONCLUSION**

Defendants' Motion to Dismiss the Complaint is **GRANTED**. An appropriate order follows.

   /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Cathy L. Waldor, U.S.M.J.

---

[2] In fact, payments on the account may have been made prior to or since Plaintiff received the Letter, thereby decreasing the amount due. It is, therefore, untenable to conclude only that the amount would increase.